UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GONZALEZ-SANCHEZ, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C04-1744JCC |
| ) | (CR02-104JCC) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | REPORT & RECOMMENDATION |
| ) | |
| Respondent ) | |
| _____) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Maria Gonzalez-Sanchez is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Dublin, California. She moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her 2003 federal court sentence. The government has filed an answer to petitioner's amended § 2255 motion. The Court, having reviewed the submissions of the parties, concludes that petitioner's § 2255 motion is untimely and should therefore be denied.

DISCUSSION

On September 25, 2002, petitioner plead guilty to a charge of conspiracy to distribute 100 grams or more of heroin. (*See* CR02-104C, Dkt. Nos. 70-75, 92.) Petitioner was sentenced on April

REPORT AND RECOMMENDATION
PAGE - 1

1    23, 2003, to 37 months imprisonment, and judgment was entered by the Clerk on April 24, 2003.

2    (CR02-104C, Dkt. Nos. 89-90.)  Petitioner did not file a direct appeal.

3          On August 2, 2004, petitioner signed her original § 2255 motion, and the motion was received

4    by the Court on August 6, 2004.  (Dkt. No. 1.)  On November 26, 2004, the Court issued an Order

5    granting petitioner leave to amend her motion to clarify her claims.  (Dkt. No. 11.)  The Court

6    received petitioner's amended motion on January 11, 2005.  (Dkt. No. 12.)  It is petitioner's amended

7    motion which is before this Court for review.

8          On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty

9    Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked

10   substantial changes in the law of federal post-conviction relief.  One of those changes was to adopt a

11   one-year statute of limitations for § 2255 motions.  *See* 28 U.S.C. § 2255.  The one year limitations

12   period starts to run from "the date on which the judgment of conviction becomes final."  *Id*.

13         Petitioner's judgment was entered on April 24, 2003.  Petitioner had ten days after the entry of

14   the judgment, or until around May 8, 2003, to file a direct appeal.  *See* Rules 4(b)(1)(A) and 26(a),

15   Federal Rules of Appellate Procedure.  Because petitioner filed no direct appeal, her conviction

16   became final on or around May 8, 2003.  Petitioner therefore had until May 8, 2004, to file her § 2255

17   motion.  As noted above, petitioner's original § 2255 motion was signed on August 2, 2004, almost

18   three months after the expiration of the statute of limitations.

19         The statute of limitations is subject to equitable tolling.  *Calderon v. United States District*

20   *Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by,*

21   *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc).  However,

22   the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as

23   extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control

24   make it impossible to file a petition on time."  *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v.*

25
26   REPORT AND RECOMMENDATION
     PAGE - 2

1 *United States*, 107 F.3d 696, 701 (9th Cir. 1997)).  Petitioner does not argue in her amended motion
2 that she is entitled to equitable tolling of the statute of limitations.
3      As petitioner's § 2255 motion was filed outside the statute of limitations, and as petitioner
4 makes no showing that she is entitled to tolling of the limitations period, this Court recommends that
5 petitioner's § 2255 motion be denied.  A proposed order accompanies this Report and
6 Recommendation.
7      DATED this 7th day of April, 2005.

                       s/JAMES P.DONOHUE
                       United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3